A. R. Johnson, Ironton, for Halley.
Corn & Jenkins, Ironton, for Jones.

## FUNK, J.

### HALLEY v JONES

Ohio Appeals, 4th Dist, Lawrence Co

Decided Nov. 27, 1928

### STATEMENT OF FACTS

## MAUCK, J

The plaintiff sued for partition of real estate. The defendant answered in substance that the property in question was part of the assets of the partnership existing between the parties and resisted the partition on that ground. He prayed that the property might at an appropriate time be sold as the property of the partnership and that an accounting be had between the partnes. The Common Pleas granted partition and an appeal was taken to this court where it has been heard upon the evidence.

The real estate in question was acquired by deeds conveying it to the plaintiff and defendant as individuals without reference to any partnership relation. After part of the property had been acquired and before the balance of it had been secured the parties entered into a written agreement of partnership to carry on a real estate business, but in that contract no reference was made to any of the real estate in question. What the intention of the parties was in making the contract of partnership is not clear. It would appear that the main purpose of the agreement was to carry on a real estate business. Indeed it is doubtful whether the parties had any very accurate conception of the purpose or effect of the partnership relation. They carried a bank account in the partnership name but never acquired any partnership property unless it were the real estate in question. The real estate was carried as a real estate account upon the partnership books. The parties borrowed money but borrowed it as individuals.

In **30 Cyc. 432** it is said that courts are not inclined to imply a partnership where the subject matter is real estate nor are they inclined to treat real estate as part of the partnership property unless it is clear from the agreement of the parties that they so intended. From the face of the deed conveying the property to the parties as individuals the presumption is that the property is individually held. **30 Cyc. 430.** If in this case some third party was seeking to charge the real estate with partnership debts some doubt might arise as to whether

the parties had not by their conduct converted the property from individually owned real estate to a partnership estate. This does not, however, seem to us to be an important question in this case. The common law does not recognize a partnership as an entity capable of taking title to real estate and the legal title to partnership real property necessarily vests in the parties interested as joint tenants, coparceners or tenants in common. 20 **R. C. L.** 850. There can be no joint tenancy in this state, so whether it was partnership property or not the plaintiff and defendant hold it as tenants in common.

There is no particular way prescribed by statute for winding up the affairs of a partnership where the partners are still living and resort must of necessity be made to a court of equity. Tenants in common, by virtue of **Section 12026 G. C.,** have alleged right to partition their real estate. That right, expressly conferred by statute, is recognized to subsist even as to partnership property, the court holding that if the statutory right of partition is for any reason inadequate will award an equitable partition. **Bleck v Producing Company, 105 O. S.** 346. While statutory methods of partition are created by statute the remedy itself is an equitable one, **Wagner v Armstrong, 93 O. S.** 443, and a court of equity would deny the right of partition of partnership property if it were shown that the creditors would be embarrassed in realizing upon their claims or that the rights of the parties would be prejudiced by partition. In the instant case, however, it is shown that the plaintiff has paid his share of the partnership debts. It does not appear that any creditor will be prejudiced by a partition nor that the defendant will in any way suffer by having partition made and the unpaid debts for which he is equitably liable made a lien upon his share of the partitioned estate. There is, consequently, no sufficient equitable defense to defeat the plaintiff's right to partition.

The entry in this court will recite that the court finds the plaintiff is entitled to partition as decreed by the Common Pleas. The case will then be remanded to the Common Pleas for execution.

Middleton, P J and Thomas, J, concur.